## CLINTON v. THE STATE.

CRIMINAL LAW. *Two indictments for same offense.* A person charged with crime can be required to answer only one indictment for the same offense, and, consequently, when a second indictment against the same party for the same offense is had, the second must show that some disposition has been made of the first by *nolle prosequi* or otherwise, and it should clearly appear in every such case upon which indictment the conviction was had.

Cases cited: Vincent v. The State, 3 Heis., 120; Anderson v. The State 3 Heis., 86.

### FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

JNO. D. ADAMS and G. P. M. TURNER for Clinton.

ATTORNEY GENERAL HEISKELL for the State.

DEADERICK, J., delivered the opinion of the court.

The plaintiff in error was convicted at the January term, 1873, of the Criminal Court of Shelby county of murder in the first degree, and sentenced to be executed, from which judgment he has appealed to this court.

The charge of the court does not appear in the record, but the bill of exceptions shows that "the court charged the law fully, and no exceptions were taken to said charge by the defendant."

The record shows that on the 22d of April, 1872, being one of the days of the January term of said court, the grand jury returned into court a bill of

indictment against the plaintiff in error for murder, endorsed a true bill, and signed by their foreman, J. J. Busby. The indictment was signed by S. R. Gammon, attorney-general *pro. tem.*

No other step or order appears from the record to have been taken in the case until the 6th of May, 1872, when it appears the grand jury returned into court a bill of indictment against the plaintiff in error for murder, signed by L. E. Wright, attorney-general, and endorsed a true bill and signed by J. J. Busby, foreman.

Both of said indictments charged the plaintiff in error with the murder of the same person, although the one first prepared contained but one count, and the other contained two counts, and the means with which the offense was committed are differently stated in the two indictments.

The next entry is of the 18th of May, 1872, which shows that defendant was arraigned at the bar of the court, and charged upon the bill of indictment, and pleaded not guilty to the same, &c.

Then follow the entries of the June term, showing the empaneling and the verdict of the jury, motions for new trial and in arrest of judgment, the overruling of said motions and the judgment of the court, and appeal to this court.

The plaintiff in error pleaded to one indictment only, the jury were sworn to try him upon one, and in their verdict "find the defendant guilty of murder in the first degree, in manner and form as charged in the bill of indictment."

But the record nowhere discloses upon which of the two bills of indictment the defendant below was convicted.

By the common law, as by the provisions of our Constitution and statutes, it is manifest that a party charged with crime can only be called upon to answer one indictment, presentment, or impeachment, for the same offense. More than one defendant may for the same offense be held to answer in the same indictment, but it has never been held that for one offense one defendant might be tried upon more than one indictment at the same time.

In the case of *Anderson* v. *The State*, 3 Heis., 86, there were three indictments for the same offense against the same parties. It was held by this court in that case (Judge Nelson delivering the opinion of the court), as appears from the first head-note of the reporter, that "when three indictments for murder appeared in the transcript, and it did not appear in any manner on which of them the *defendant* was tried, the conviction was bad." A note to this head-note is appended by the reporter, referring to the case of *Vincent* v. *The State*, 3 Heis., 120, in which I delivered the opinion of the court. The third head-note to this case is as follows: "There being two indictments in the record, and it not appearing which of them the prisoner was tried upon—one being invalid, purporting to have been found at a time when no court was held, it was held that the conviction was upon the other." It would thus appear that there is a conflict in the two cases, when in fact there is

none. In the case of *Vincent* v. *The State,* the question as to whether the conviction would be referred to the valid indictment, when the record showed two indictments, one valid and one invalid, was not decided, as the court thought, as will appear by reference to the opinion, that it was shown by the record that the defendant was tried and convicted upon the indictment found at the May term, 1870, which was the good one, the other being invalid. Upon p. 125 it will appear that, in answer to the argument of the counsel for defendant, it did not appear upon which of the two indictments the conviction was had, &c. The opinion declares "that it sufficiently appears that the conviction was" upon the good indictment.

When, for any cause, a second indictment is sent against the same parties for the same offense, the record should show that some disposition has been made of the first, by *nolle prosequi* or otherwise, and it should clearly appear in every such case upon which indictment the conviction was had. If the indictment is defective, it might be quashed on the application of the prosecutor, and a new one substituted. Ch. Cr. Law, 299, margin.

Upon the facts of the case we do not deem it proper to intimate any opinion, as they must be again submitted to the determination of a jury.

For the error indicated, the judgment will be reversed and the cause remanded.